**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |
|---|---|
| VIA VADIS, LLC and<br>AC TECHNOLOGIES, S.A.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>BLIZZARD ENTERTAINMENT, INC.,<br><br>　　　　　Defendant. | Civil Action No. 1:14-cv-810-LY |
| VIA VADIS, LLC and<br>AC TECHNOLOGIES, S.A.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>　　　　　Defendant. | Civil Action No. 1:14-cv-813-LY |

## <u>DEFENDANTS' OPPOSED MOTION TO STRIKE EXHIBIT B TO</u>
## <u>PLAINTIFFS' SECOND AMENDED COMPLAINTS</u>

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................... 1

II.    PROCEDURAL HISTORY ............................................................ 2

III.   ARGUMENT ................................................................................. 5

     A.    Plaintiffs Must Demonstrate Good Cause to Amend Their Infringement Contentions ......................................................... 5

     B.    Plaintiffs Cannot Demonstrate "Good Cause" for Their Belated Amendment to Their Infringement Contentions .............................. 6

     C.    Plaintiffs' Attachment of Amended Infringement Contentions to the Second Amended Complaints Is an Attempt to Evade this Court's Scheduling Order and Should Be Stricken ............................ 7

     D.    If Plaintiffs Are Allowed to Amend Their Infringement Contentions, Defendants Request Leave to Seek a Clarification of the Construction of the Term "Shifting" and to Amend Their Invalidity Contentions ............................. 9

IV.   CONCLUSION ............................................................................. 10

# TABLE OF AUTHORITIES

**CASES**                                                                                    **PAGE(S)**

*E.E.O.C. v. Serv. Temps Inc.*,
  679 F.3d 323 (5th Cir. 2012) ................................................................6

*In re Papst Licensing GmbH & Co. KG Litig.*,
  767 F. Supp. 2d 1 (D.D.C. 2011) ..........................................................6

*Linksmart Wireless Tech., LLC v. Caesars Ent. Corp.*,
  No. 2:18-CV-00862-MMD-NJK, 2021 WL 201775 (D. Nev. Jan. 20, 2021)..........................8

*Motorola Mobility, Inc. v. TiVo Inc.*,
  No. 5:11-CV-053-JRG, 2012 WL 12842301 (E.D. Tex. Nov. 13, 2012)................................9

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006)......................................................5, 6, 7

*Sycamore IP Holdings LLC v. AT&T Corp.*,
  No. 2:16-CV-588-WCB, 2017 WL 4517953 (E.D. Tex. Oct. 10, 2017)........................5, 8, 10

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 7 ................................................................8

Federal Rule of Civil Procedure 12(f) ...........................................................1

Federal Rule of Civil Procedure 16(b)...........................................................5

Federal Rule of Civil Procedure 16(b)(4) .....................................................6

Local Rule CV-7(d) ................................................................................1

E.D. Tex. Pat. Rule 3-6 ..........................................................................5

Defendants Blizzard Entertainment, Inc. and Amazon.com, Inc. ("Defendants") move to strike Exhibit B to Plaintiffs' Second Amended Complaints (ECF No. 116-2 in Case No. 1:14-cv-810-LY; ECF No. 112-2 in Case No. 1:14-cv-813-LY), pursuant to Federal Rule of Civil Procedure 12(f) and Local Rule CV-7(d). Alternatively, Defendants request that this Court preclude Plaintiffs from using Exhibit B as the basis for any expert report or evidence at trial. If Plaintiffs are allowed to effectively amend their infringement contentions, either through Exhibit B or otherwise, Defendants request that the Court permit supplemental claim construction concerning a single claim term impacted by Plaintiffs' new infringement contentions and grant Defendants leave to amend their invalidity contentions to reduce the prejudice that Defendants will suffer.

## I.    INTRODUCTION

The deadline for Plaintiffs to serve infringement contentions passed almost six years ago. Relying on the infringement contentions Plaintiffs had served at that time, Defendants stipulated to a construction of the claim term "shifting" because the stipulated construction was sufficient to establish the accused BitTorrent file sharing protocol did not infringe based on the functionality Plaintiffs accused of meeting that claim limitation in their infringement contentions.

Now, six years later, with a short time left in fact discovery and without seeking leave of Court, Plaintiffs are attempting an end run around the Court's Scheduling Order by attaching a new infringement claim chart as Exhibit B to their recently filed Second Amended Complaints. In the claim chart of Exhibit B, Plaintiffs present new contentions as to how the BitTorrent file sharing protocol allegedly meets the "shifting" limitation. Had Plaintiffs set forth such a theory in their original infringement contentions that were served prior to claim construction, then Defendants would have sought a more specific construction of "shifting"—one that is fully supported by the patent specification—that would have refuted Plaintiffs' new infringement theory.

Plaintiffs cannot justify the belated disclosure of this infringement theory because it is not based on any newly discovered information. Instead, Plaintiffs' new contentions are based on the same publicly available information they relied on in their original infringement contentions. Because of that, Plaintiffs knew they would be unable to show good cause to amend their contentions, so they never sought leave of Court to do so. Instead, Plaintiffs tried to improperly use the Court's deadline to "Amend pleadings/add parties" by attaching amended infringement contentions to their Second Amended Complaints. But infringement contentions are not pleadings, and this Court should reject Plaintiffs attempt to skirt this Court's Scheduling Order and prejudice Defendants by amending their infringement contentions in this manner.

## II.    PROCEDURAL HISTORY

Pursuant to this Court's February 5, 2015 Scheduling Order (ECF No. 33[1] in Case No. 1:14-cv-810-LY), on April 1, 2015, Plaintiffs served their infringement contentions on Defendants. Those contentions referenced publicly available information regarding the BitTorrent protocol. In regard to claim 30 of the '521 patent, which recited a limitation of "shifting redundantly stored data," Plaintiffs asserted that "a data storage unit may *copy* data to another data storage unit…." (Declaration of David R. Pekarek Krohn in Support of Motion to Strike ("PK Decl."), Ex. 1 at 7, Ex. 2 at 2 (emphasis added).) Those contentions did not include any assertion that the data would no longer be available at any data storage unit, such as through failure of the data storage unit or failure of the network.

Subsequent to the service of those infringement contentions, Defendants proposed that "shifting" be construed as "data is copied to a new location and deleted from the previous

---

[1] For ease of reference, all ECF citations herein shall be to Case No. 1:14-cv-810-LY, though corresponding documents were filed in Case No. 1:14-cv-813-LY.

location." (ECF No. 47 at 60 in Case No. 1:14-cv-810-LY.)  As Defendants pointed out, "'shifting'

data is not simply copying data.  'Shifting' requires further action such that the data is no longer

available at the prior location."  (*Id.* at 62.)  Defendants recognized that there may be a situation

where the unavailability occurs before the copying:

> In such an instance, when data is available at locations A and B, and location B
> fails, the data is shifted to a new location C by copying the data from A to C.  In
> such an instance, the data is effectively shifted from location B to C.  Because B
> failed, it is already deleted.

(*Id.* at 62-63.)  Therefore, Plaintiffs and Defendants eventually stipulated that "shifting" means

that "data is copied to a new location and no longer available at one of the previous locations," and

they notified the Court of that stipulation on December 2, 2015.  (ECF No. 52-1 at 15.)  Despite

that stipulation, Plaintiffs did not seek leave to amend their infringement contentions during the

next year and a half, at which point the parties jointly moved to stay the cases after two of the three

asserted patents were invalidated in *inter partes* review proceedings.  (ECF No. 71.)

After this Court lifted its stay on March 28, 2019 (ECF No. 77) and prior to the entry of

final judgment on July 9, 2019 (ECF No. 87), Plaintiffs also did not seek leave to amend their

infringement contentions.  After the Federal Circuit partially remanded the case and before this

Court held a status conference on August 25, 2020, Defendants notified Plaintiffs that their in-

fringement contentions contained no basis for alleging that "shifting" of data occurs in the accused

systems (PK Decl., Ex. 3), yet Plaintiffs still did not seek leave to amend.  And finally, on Novem-

ber 24, 2020, Plaintiffs filed First Amended Complaints for Patent Infringement but did not attach

amended infringement contentions to those amended complaints.  (*See, e.g.*, ECF No. 103.)

On February 22, 2021, as the February 26, 2021 deadline to "Amend pleadings/add parties"

approached, Plaintiffs' counsel reached out to Defendants' counsel and asked for an extension due

to the ice storms that affected Texas.  (PK Decl., Ex. 4 at 6.)  Defendants' counsel responded, stating they did not oppose an extension but inquiring as to what Plaintiffs were seeking an extension to do, as they had already served amended complaints and it seemed unlikely that Plaintiffs were going to add parties.  (*Id.* at 5.)  When asked whether Plaintiffs intended to try to amend their infringement contentions, which would require leave of Court, Plaintiffs' counsel refused to answer, stating "We are asking for an extension to the deadline in the Court's Order.  Do we have your agreement or not?"  (*Id.* at 3.)  After additional back and forth, where Plaintiffs' counsel failed to explain exactly what they proposed to amend, Defendants' counsel stipulated to the extension (*id*. at 1), but Defendants had already made clear that Defendants did not agree to allowing Plaintiffs to belatedly amend their infringement contentions (*id.* at 2).

On March 5, 2021—over eight months after the August 25, 2020 status conference following the remand from the Federal Circuit—Plaintiffs served a Second Amended Complaint for Patent Infringement in each case.  (*See., e.g.*, ECF No. 116.)  Those amended complaints contained a substantive change that is the subject of this motion.  Plaintiffs added a paragraph that references a newly added Exhibit B, which they assert is a "claim-by-claim, element-by-element table providing further explanation and evidence of [Defendant's] infringement based on publicly-available information…."  (*Id.* at ¶ 28.)

Exhibit B to each Second Amended Complaint for Patent Infringement is in the same format as Plaintiffs' 2015 infringement contentions but includes assertions never previously disclosed by Plaintiffs.  The new assertions include an allegation that "shifting redundantly stored data" is accomplished when, unrelated to any copying, data becomes unavailable due to, *inter alia*, node failure, node disconnection, or choking.  (*See, e.g.*, *id*. Exhibit B at 76-77.)

## III.    ARGUMENT

### A.    Plaintiffs Must Demonstrate Good Cause to Amend Their Infringement Contentions.

The Scheduling Order in this case provided a single date for serving infringement contentions: April 1, 2015, almost six years ago.  (ECF No. 33.)  That date, and the date for invalidity contentions, were set prior to the dates for the claim construction proceeding so that the parties could take the contentions into consideration in formulating their proposed constructions.  Therefore, any infringement contentions served after April 1, 2015 are untimely.

Some districts have local patent rules that permit amending infringement contentions for "good cause."  *See, e.g.*, N.D. Cal. P.R. 3-6 ("Amendment of the Infringement Contentions … may be made only by order of the Court upon a timely showing of good cause"); D.N.J. L.P.R. 3.7 ("Amendment of any contentions … may be made only by order of the Court upon a timely application and showing of good cause.") (emphasis in original); E.D. Tex. Pat. Rule 3-6.  These rules account for the value of "requir[ing] parties to crystallize their theories of the case early in the litigation…."  *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (internal quotation marks and citation omitted); *see also Sycamore IP Holdings LLC v. AT&T Corp.*, No. 2:16-CV-588-WCB, 2017 WL 4517953, at *5 (E.D. Tex. Oct. 10, 2017) ("The Local Patent Rules directed to infringement contentions are designed to ensure that defendants are given full and timely notice of the allegations against them, and that after the period for filing infringement contentions has passed, amendments to those contentions are permitted only on a showing of good cause.").

If there are no local patent rules, "[t]he good cause standard under Federal Rule of Civil Procedure 16(b) applies to a request to amend asserted claims and infringement contentions.  Rule

16(b) provides that a court may enter a scheduling order that limits the time to amend the pleadings and that such schedule may be modified only for good cause *and* with the judge's consent." *In re Papst Licensing GmbH & Co. KG Litig.*, 767 F. Supp. 2d 1, 8 (D.D.C. 2011) (emphasis in opinion).

Therefore, Plaintiffs' attempt to amend their infringement contentions, without seeking leave and showing good cause, should be stricken to prevent Plaintiffs from engaging in a "shifting sands" approach to litigation. *O2 Micro*, 467 F.3d at 1364.

### B.    Plaintiffs Cannot Demonstrate "Good Cause" for Their Belated Amendment to Their Infringement Contentions.

In the Fifth Circuit, "[t]he four factors relevant to good cause [under Federal Rule of Civil Procedure 16(b)(4)] are:  (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012) (internal quotation marks omitted).[2]

Plaintiffs did not even try to show good cause for their belated attempt to amend their infringement contentions because, under the Fifth Circuit factors, no good cause exists.  Foremost in this inquiry is the requirement that Plaintiffs justify their delay in belatedly seeking to amend their contentions.  Plaintiffs, however, cannot justify their delay given that their amended contentions rely solely on the same publicly available information cited in their original infringement contentions.  Additionally, to the extent Plaintiffs try to argue that they amended their contentions in light of the construction of "shifting," the parties stipulated to that construction in a filing on

---

[2] Some local patent rules also provide examples of what might constitute "good cause" to amend—none of which apply here—such as "[a] claim construction by the Court different from that proposed by the party seeking amendment" and "recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions."  N.D. Cal. L.P.R. 3-6(a); D.N.J. L.P.R. 3.7.

December 2, 2015. (ECF No. 52-1 at ¶ 15.) Plaintiffs have no excuse for not timely seeking to amend their infringement contentions during the periods when this case was active in this Court, including during the year-and-a-half immediately after the parties stipulated to that construction. *O2 Micro*, 467 F.3d at 1366 ("We agree … that 'good cause' requires a showing of diligence.").

Plaintiffs also cannot show good cause because the prejudice to Defendants would be severe and uncurable. Defendants relied on Plaintiffs' infringement contentions during claim construction and stipulated to a construction of "shifting" based on those contentions. Plaintiffs' amended contentions present a new theory of infringement to try to meet that stipulated construction. Had Plaintiffs alleged, prior to claim construction, that the accused systems "shifted" data when data became unavailable at one location and, for completely unrelated reasons, copies of the data were made at other locations, Defendants would have proposed a construction that required a causal connection between the unavailability of data at one location and the creation of the copy of data at the new location. Additionally, when the PTAB denied Defendants' IPR as to claim 30 and its dependent claims, Defendants chose not to appeal that decision knowing that BitTorrent did not meet the "shifting" limitation. A continuance would not cure this prejudice because the problem is not that Defendants need more time. The problem is that Defendants relied upon Plaintiffs' infringement contentions regarding "shifting." Had Plaintiffs timely served the infringement contentions that they have now attached as Exhibit B to the Second Amended Complaints, Defendants never would have stipulated to that construction.

### C.    Plaintiffs' Attachment of Amended Infringement Contentions to the Second Amended Complaints Is an Attempt to Evade this Court's Scheduling Order and Should Be Stricken.

Because Plaintiffs cannot demonstrate "good cause" to amend their infringement contentions, they attempted to sidestep the requirement of seeking leave to do so. Instead, Plaintiffs have

tried to shoehorn the amended contentions into the Second Amended Complaints, to improperly utilize this Court's deadline to "Amend pleadings/add parties." Federal Rule of Civil Procedure 7, however, is clear that "pleadings" are limited to complaints and answers, not infringement contentions, which generally are not even filed with the Court.

This case is similar to *Sycamore IP Holdings*, 2017 WL 4517953. Sycamore attempted to change the substance of its infringement contentions through an expert report without seeking leave of court. Judge Bryson, sitting by designation in the Eastern District of Texas, scolded plaintiff: "Sycamore has sought to bypass not only the formal step of amending its infringement contentions, but also the leave-of-court requirement and the requisite good-cause showing. The Court declines Sycamore's request that it condone that sort of casual, self-help approach to compliance with the clear rules of the court governing pretrial disclosure." *Id.* at *3. As was the case in *Sycamore*, Plaintiffs "adamant refusal to move for leave to amend its infringement contentions, despite clear warnings from [Defendants] that it was required to do so, led to the further delay entailed in the filing and briefing of this motion." *Id.* Further, the "fundamental problem" here (as in *Sycamore*) is that Plaintiffs "refusal to comply with the proper mechanism for asserting belated infringement contentions led to uncertainty in the discovery process…. The uncertainty that followed from [Plaintiffs'] 'unconventional' method of amending its infringement contentions was unnecessary, and the fault for that uncertainty is entirely [Plaintiffs]." *Id.* at *6; *see also Linksmart Wireless Tech., LLC v. Caesars Ent. Corp.*, No. 2:18-CV-00862-MMD-NJK, 2021 WL 201775, at *2 (D. Nev. Jan. 20, 2021) ("[T]he proper procedure to challenge such amended contentions is through a motion to strike.") (internal quotation marks and citation omitted).

Plaintiffs may argue that they have not actually amended their infringement contentions but only amended the Complaints, as allowed by the Court's Scheduling Order. Such an argument

exalts form over substance.  Further, if Plaintiffs do make such an argument, then they should be held to the infringement contentions that they served in April of 2015 in compliance with this Court's Scheduling Order for all other purposes in this case, including expert reports, dispositive motions, and trial (if needed).  *Motorola Mobility, Inc. v. TiVo Inc.*, No. 5:11-CV-053-JRG, 2012 WL 12842301, at *2 (E.D. Tex. Nov. 13, 2012) ("The amendment of pleadings is separate and distinct from the need to seek leave to amend infringement and invalidity contentions.").

> **D.**   **If Plaintiffs Are Allowed to Amend Their Infringement Contentions, Defendants Request Leave to Seek a Clarification of the Construction of the Term "Shifting" and to Amend Their Invalidity Contentions.**

As discussed above, Defendants will suffer irreparable prejudice if Plaintiffs are allowed to amend their infringement contentions.  If the Court permits those new contentions, however, Defendants request leave to seek a clarification of the Court's construction of "shifting."  Such a clarification is warranted because Plaintiffs amended infringement contentions include a previously undisclosed infringement theory that is not supported by the specification of the '521 patent. In short, the '521 patent explains that data in the system is "shifted" when:  (1) data is copied from a first data storage unit to a second data storage unit, and the data is deleted at the first data storage unit, thereby maintaining the requisite fixed number ("nm") of copies of the data; or (2) one of the data storage unit fails, so the data is placed in a new storage unit, thereby also maintaining the requisite fixed number ("nm") of copies of data.  ('521 patent at 26:12-60.)  But what Plaintiffs now accuse in the claim chart in Exhibit B to the Second Amended Complaints of meeting the "shifting" claim limitation is the copying of data to a requesting user and the unavailability of data at another location, with no causal relationship between the two.

To put this into a practical example, imagine if a first clerk in this Court downloaded a copy of the Federal Rules of Civil Procedure ("FRCP") from a server on the internet to her local

computer.  At about the same time, a second clerk halfway across the country who had previously downloaded a copy of the FRCP has his computer crash.  Per Plaintiffs' new infringement theory, the FRCP was "shifted" from that second clerk's computer to the first clerk's computer, even though there was no causal relationship between the two acts.  That does not comport with the plain and ordinary meaning of "shifting" nor with the disclosure in the '521 patent.  Had Plaintiffs disclosed such a theory in its infringement contentions, Defendants would have requested a construction of "shifting" that requires a causal connection between the failure at one location and the storage at the new location.

Thus, if Plaintiffs are permitted to amend their infringement contentions, Defendants request leave to seek this clarification in the construction of "shifting." *Sycamore IP Holdings*, 2017 WL 4517953, at *3 (recognizing that allowing the revised infringement theory could require the court to "conduct a second round of claim construction").

Additionally, if Plaintiffs are allowed to amend their infringement contentions, Defendants request leave to amend their invalidity contentions.  Allowing Plaintiffs to amend their infringement contentions at this late date, without allowing Defendants to do the same with their invalidity contentions would be extremely unfair to Defendants.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court strike Exhibit B from the Second Amended Complaints and preclude Plaintiffs from presenting this new infringement theory in this case.  Should the Court permit Plaintiffs to rely on their new infringement theory, Defendants request leave to seek a clarification of the construction of "shifting" and leave to amend their invalidity contentions.

Dated:  March 19, 2021

                                         */s/ Daniel T. Shvodian*
Daniel T. Shvodian
Victoria Q. Smith
Perkins Coie, LLP
3150 Porter Drive
Palo Alto, CA  94304
Tel. No. 650-838-4300
Fax No. 650-838-4350
Email: dshvodian@perkinscoie.com
Email: vsmith@perkinscoie.com

M. Craig Tyler, Bar No. 794762
Perkins Coie LLP
500 W 2nd St, Suite 1900
Austin, TX  78701-4687
Tel. No. 737-256-6113
Fax No. 737-256-6300
Email: ctyler@perkinscoie.com

David R. Pekarek Krohn
Perkins Coie LLP
33 East Main Street, Suite 201
Madison, WI 53703-3095
Tel No. 608-663-7496
Fax No. 608-283-4496
Email: dpekarekkrohn@perkinscoie.com


*Attorneys for Defendants*
**BLIZZARD ENTERTAINMENT, INC. and
AMAZON.COM, INC.**

## CERTIFICATE OF CONFERENCE

I, Daniel T. Shvodian, certify that on March 18, 2021, I conferred by teleconference with Plaintiffs' counsel about the issues raised in this motion, no agreement was reached, and they indicated that they oppose the motion.

*/s/ Daniel T. Shvodian*
Daniel T. Shvodian

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2021, I caused to be served copies of the preceding motion and associated documents in the manner indicated below to the following counsel of record:

**VIA EMAIL**

Andrew G. DiNovo
adinovo@dinovoprice.com
Gabriel Gervey
ggervey@dinovoprice.com
DiNovo Price Ellwanger & Hardy, LLP
7000 N. MoPac Expressway
Suite 350 Austin, TX 78731
Tel. No. 512-539-2626
Fax No. 512-539-2627

Robert J. Weltchek
rweltchek@wmmlawfirm.com
Weltchek Mallahan & Weltchek, LLC
2330 W. Joppa Road, Suite 203
Lutherville, MD 21093
Tel. No. 410-825-5287
Fax No. 410-825-5277

*Attorneys for Plaintiffs*
**VIA VADIS, LLC** *and*
**AC TECHNOLOGIES, S.A.**

*/s/ Daniel T. Shvodian*
Daniel T. Shvodian