# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **VIA VADIS, LLC and** | § | |
| **AC TECHNOLOGIES, S.A.,** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | **CIVIL NO. 1:14-CV-00813-LY** |
| | § | |
| **AMAZON.COM, INC.,** | § | |
| *Defendant* | § | |

# O R D E R

Before the Court are Plaintiffs' Motion to Compel Answers to Interrogatories and Production of Documents, filed April 8, 2021 (Dkt. 123); Plaintiffs' Motion for Spoliation Sanctions, Motion to Compel and Motion for Sanctions for Fees and Costs, filed May 12, 2021 (Dkt. 144); the associated response and reply briefs; Defendant Amazon.com, Inc.'s Advisory Notice Regarding Plaintiffs' Motion to Compel Answers to Interrogatories and Production of Documents, filed May 21, 2021 (Dkt. 154); and Plaintiffs' Advisory Notice to the Court Re: Plaintiffs' Motion to Compel Answers to Interrogatories and Production of Documents, filed July 2, 2021 (Dkt. 172). The District Court referred Plaintiffs' motions to the undersigned Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkts. 158; 159. The Court held an oral hearing on Plaintiffs' motions on July 7, 2021.

## I.   Background

Via Vadis, LLC and AC Technologies, S.A. ("Plaintiffs") are the owner and exclusive licensee, respectively, of U.S. Patent No. RE40,521 (the "Asserted Patent") for a data access and management system. They accuse Defendant Amazon.com, Inc. ("Amazon") of direct and indirect

1

infringement of the Asserted Patent through its software-as-a-service and related services "by supporting the BitTorrent protocol, or other infringing peer to peer file distribution protocol, to transfer files and other data between electronic devices, such as computers." Second Amended Complaint, Dkt. 112 ¶ 17. Plaintiffs now ask the Court to compel production of certain information detailed below and to impose sanctions on Amazon for alleged spoliation.

## II.   Motion to Compel

The Court first considers Plaintiffs' Motion to Compel Answers to Interrogatories and Production of Documents. Dkt. 123.

### A.  Legal Standards

Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petrol*. Co., 392 F.3d 812, 820 (5th Cir. 2004)). When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). The party resisting discovery must show how each discovery request is not relevant or otherwise

objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003). "A trial court enjoys wide discretion in determining the scope and effect of discovery." *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982).

## B. Analysis

Plaintiffs state that they submitted their Advisory Notice to the Court Re: Plaintiffs' Motion to Compel Answers to Interrogatories and Production of Documents to narrow the scope of the parties' discovery dispute.[1] Dkt. 172 at 2. Plaintiffs now ask the Court to compel Amazon to produce the information in the four categories addressed below.

### 1.  Use and Damages Information

Plaintiffs seek to compel use and damages information in three categories: (1) total annual number of subscribers/accounts for Amazon's S3 storage service (Interrogatory No. 7); (2) annual sales volume for storage of data in Amazon S3 for data distributed by BitTorrent (Request for Production No. 9); and (3) Amazon's Top 20 customers by year (Request for Production No. 30).

In an Advisory Notice filed May 21, 2021, Amazon stated:

> On May 14, 2021, Amazon produced information showing monthly usage of BitTorrent functionality of Amazon S3 from October 2010 through the present, by account number. On May 18, 2021, Amazon produced information showing all Amazon S3 usage from October 2010 through the present for all accounts that had shown any usage of BitTorrent during that period.

---

[1] To the extent that Plaintiffs' Advisory Notice asks the Magistrate Court to order relief pertaining to expert testimony or trial of this case, the request is **DENIED**. *See* Proposed Order, Dkt. 172-1 at 2-3.

3

Dkt. 154 at 2. Thus, it appears that much of the use and damages information Plaintiffs seek, at least with respect to BitTorrent, was provided after briefing on their motion to compel was complete. To the extent that Plaintiffs move to compel use and damages information concerning Amazon's S3 storage service not pertaining to BitTorrent, the Court finds such information to be overly broad and not proportional to the needs of this case, pursuant to Rule 26(b)(1).

Accordingly, to the extent that Amazon has identified its customers by account number rather than by name, Plaintiffs' motion to compel is **GRANTED IN PART** and Amazon is hereby **ORDERED** to identify by name its top 20 customers by BitTorrent use by year. Otherwise, Plaintiffs' motion is **DENIED** as to the use and damages information identified in Plaintiffs' Advisory Notice (Dkt. 172).

### 2.  Amazon's Custodians, Network Locations Searched, and Search Terms

Plaintiffs next move to compel "Amazon's list of custodians, network locations searched, and search terms used to locate the following responsive documents, as well as any such documents from appropriate custodians and network locations not appropriately searched," in response to three requests for production. Dkt. 172 at 2. These include documents relating to Amazon's decision to adopt BitTorrent (Request for Production No. 28) and technical and training documents relating to BitTorrent (Requests for Production Nos. 1 and 3).

Although this issue was addressed only in passing in the briefing of Plaintiffs' motion to compel, Amazon contends that its document collection efforts are protected work product. Dkt. 132 at 11 n.2. Amazon cites no authority for this argument.

Plaintiffs' motion is **GRANTED IN PART**. To the extent that it has not already done so, Amazon is **ORDERED** to identify the custodians and locations searched in response to Requests for Production Nos. 1, 3, and 28.

4

### 3. Source Code

Next, Plaintiffs ask the Court to compel production of certain source code described under seal. Exh. O, Dkt. 124-11. Amazon responds that it has produced the source code for "tracking of the BitTorrent peers in the swarm (and their locations)" requested by Plaintiffs. Dkt. 132 at 6. Amazon states that it has produced more than 250 source code files constituting over 2.7 million bytes of data. *Id.* at 3. The additional code Plaintiffs seek, Amazon contends, is "a massive suite" of general storage code independent of any BitTorrent functionality that relates to retrieving any piece of data from the S3 storage system. *Id.* at 7. This code is extremely commercially sensitive. April 19, 2021 Declaration of Robert Long, Principal Systems Development Engineer at Amazon, ¶ 8, Dkt. 132-3 (filed under seal).

The Court finds that Amazon has shown that this request for production of additional source code is overly broad and not proportional to the needs of this case, pursuant to Rule 26(b)(1). Therefore, it is **DENIED**.

### 4. Tracker and Seeder Logs before October 2020 Subject of Plaintiffs' Motion for Spoliation

Plaintiffs' motion is **DENIED** as to these server logs, addressed in the following section.

### III.   Motion for Spoliation Sanctions

The Court next considers Plaintiffs' Motion for Spoliation Sanctions.

### A. Legal Standards

Federal Rule of Civil Procedure 37(e) states:

(e) If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

    (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

    (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

        (A) presume that the lost information was unfavorable to the party;

        (B) instruct the jury that it may or must presume the information was unfavorable to the party; or

        (C) dismiss the action or enter a default judgment.

Thus, to apply Rule 37(e), a court must determine that the following four predicate elements exist:

- there is ESI that should have been preserved;

- that ESI has been lost;

- the ESI was lost because of a party's failure to take reasonable steps to preserve it; and

- the ESI cannot be restored or replaced.

If the court finds that all four of these elements are established, it considers appropriate responsive measures. *UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, No. A-17-CA-365-LY, 2019 WL 4738915, at *1 (W.D. Tex. Sept. 27, 2019).

## B.  Analysis

    Plaintiffs contend that "Amazon intentionally and continuously destroyed substantially *all evidence* of its use of the BitTorrent protocol for at least six years after this case was filed, thus irreparably impairing Plaintiffs' case." Dkt. 144 at 2. The motion pertains to Amazon's destruction of server logs known as "seeder" and "tracker" logs, which were destroyed in a ring buffer process that overwrites data as it moves through a ring, pursuant to Amazon's retention policies. *See* Dkt. 144 at 3; June 8, 2021 Declaration of Robert Long, Dkt. 166-1 (filed under seal).

    In essence, Amazon does not contest the first three predicate elements under Rule 37(e). Rather, Amazon admits that it did not realize until October 2020, "when discovery commenced after a lengthy stay due to IPR proceedings and this Court's grant of summary judgment," that it

could not easily identify its revenue tied specifically to customers' use of BitTorrent from the data it had preserved since 2014. Dkt. 155 at 5. Amazon then determined that analyzing the server logs was another way to ascertain that revenue. "These logs, however, continuously generate an enormous amount of data and for that reason are only retained for a limited time in the normal course of Amazon's business." *Id.* (footnote omitted). Amazon ceased deleting the server logs at that time and made them available for inspection by Plaintiffs. Dkt. 166 at 4. Plaintiffs have not asked to inspect the logs. *Id.*

In place of the server logs from before October 2020, Amazon extracted customer usage data from a data warehouse and, two days after Plaintiffs filed their motion for spoliation sanctions, produced that data to Plaintiffs. Dkt. 155 at 6-7 & n.5. Amazon states that the data demonstrates that the total revenue Amazon received for the accused BitTorrent-related data requests and transfers from October 2010 to the present is less than $100,000. *Id.* at 6. Amazon argues that "it did not intentionally destroy *any* evidence, and it would have been nonsensical for it to destroy the customer usage data, which confirmed that Amazon generated very little revenue from the accused BitTorrent functionality." Dkt. 166 at 2.

Plaintiffs state in reply that the tracker and seeder logs "have unique information not captured by the late-produced data warehouse data, and Plaintiffs continue to suffer prejudice from their destruction." Dkt. 160 at 5. Specifically, Plaintiffs contend that the server logs "permit an analysis of the size of the swarms in Amazon's S3 BitTorrent implementation (*i.e.*, the number of connected peers attempting to download (and upload) the requested file using BitTorrent) that connected to the Amazon S3 BitTorrent infrastructure." *Id.* Amazon, however, provides evidence that this contention is inaccurate:

> Plaintiffs argue that the loss of tracker and seeder logs prevent Plaintiffs from estimating the total amount of data transferred from Amazon's servers and peers in the swarm. But Amazon's tracker and seeder logs would not contain such information (*Id.*), and Plaintiffs offer no explanation of how one could generate such an estimate given that neither Amazon's seeders nor tracker logs track how much data is transferred between peers.

Dkt. 166 at 4 (citing June 8, 2021 Declaration of Robert Long ¶¶ 8-9, Dkt. 166-1) (filed under seal).

The Court finds that Amazon has shown that it replaced the relevant data from the server logs, and therefore, Plaintiffs have not satisfied the fourth predicate element for sanctions under Rule 37(e). Because Amazon has established that it has replaced the relevant information, and that the server logs were lost without Amazon's "intent to deprive [Plaintiffs] of the information's use in the litigation" under Rule 37(e), Plaintiffs' motion for spoliation sanctions is denied.

## IV.   Conclusion

Plaintiffs' Motion to Compel Answers to Interrogatories and Production of Documents (Dkt. 123) is **GRANTED IN PART AND DENIED IN PART**, as detailed above. Amazon has until **August 6, 2021** to comply with this Order. All relief not expressly granted herein is denied.

Plaintiffs' Motion for Spoliation Sanctions, Motion to Compel and Motion for Sanctions for Fees and Costs (Dkt. 144) is **DENIED**.

It is **FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

**SIGNED** on July 23, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE