## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |  |
|---|---|---|
| **VIA VADIS, LLC and** | § | |
| **AC TECHNOLOGIES, S.A.,** | § | |
| *Plaintiffs* | § | |
|  | § | |
|  | § | |
| **v.** | § | **CIVIL NO. 1:14-CV-00813-LY** |
|  | § | |
| **AMAZON.COM, INC.,** | § | |
| *Defendant* | § | |

## **O R D E R**

Now before the Court is Plaintiffs' Motion for Leave to Serve Supplemental Expert Report on Damages, filed March 3, 2022 (Dkt. 239), and the associated response and reply briefs. On March 7, 2022, the District Court referred Defendant's motion to the undersigned Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 241.

Having considered the written submissions, applicable law, and arguments of the parties at a hearing on April 11, 2022, the Court grants the motion.

### I.    Background

Via Vadis, LLC and AC Technologies, S.A. ("Plaintiffs") are the owner and exclusive licensee, respectively, of U.S. Patent No. RE40,521 (the "'521 Patent") for a data access and management system. They accuse Defendant Amazon.com, Inc. ("Amazon") of direct and indirect infringement of the '521 Patent through Amazon's software-as-a-service and related services "by supporting the BitTorrent protocol, or other infringing peer to peer file distribution protocol, to transfer files and other data between electronic devices, such as computers." Second Amended Complaint, Dkt. 112 ¶ 17. No date is set for trial.

1

Plaintiffs timely served their report regarding damages from expert Paul Benoit on the June 7, 2021 deadline. On January 3, 2022, the Court granted Defendant's motion to exclude Benoit's reasonably royalty analysis pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). Dkt. 230. The Court concluded that Benoit's opinion violated the entire market value rule and thus was neither reliable nor relevant to calculation of a reasonable royalty damages award. *Id.* The District Court affirmed the order. Dkt. 236.

Plaintiffs now seek to serve Benoit's supplemental expert report on damages, which they assert does not offer a new damages theory but "cures the problem identified by the Court which led to the exclusion of his original reasonable royalty analysis under *Daubert* and Rule 702." Dkt. 239 at 2. Plaintiffs have submitted the proposed supplemental report under seal. Dkt. 239-3. Defendants oppose the motion.

## II.   Legal Standards

Pursuant to Rule 26(a)(2)(B), expert witnesses must provide a written report containing, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the facts or data considered by the witness in forming them" and "any exhibits that will be used to summarize or support them." After the Court's deadline has expired, a party seeking to supplement an expert opinion "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The party seeking admission of the supplemental report bears the burden to show that the failure to timely disclose was substantially justified or harmless. *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, No. 1:15-cv-134-RP, 2017 WL 9480314, at *3 (W.D. Tex. May 22, 2017); 8B RICHARD L. MARCUS, FED. PRAC. & PROC. (WRIGHT & MILLER) § 2289.1 (3d ed. April 2022 Update).

Courts in the Fifth Circuit apply four factors to determine whether to grant a motion for leave to amend or supplement an expert report: (1) the party's explanation for its failure to comply with the discovery order; (2) the prejudice to the party opposing admission of the evidence; (3) the possibility of curing any prejudice with a continuance; and (4) the importance of the evidence. *See Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996); *Langley v. Int'l Bus. Machs. Corp.*, No. A-18-CV-443-DAE, 2019 WL 7284946, at *3 (W.D. Tex. Dec. 23, 2019). A trial court "has broad discretion when it comes to preserving the integrity and purpose of its pretrial orders." *Grimaldo v. Leviton Mfg. Co.*, No. SA-07-CA-409-OG, 2008 WL 11334520, at *2 (W.D. Tex. Apr. 11, 2008) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)).

### III.  Analysis

The Court considers each of the relevant factors in turn.

### A.  Plaintiffs' Explanation for Untimely Supplementation

Plaintiffs submit that the "need to serve a supplemental expert report did not arise until January 19, 2022," when the District Court affirmed exclusion of Benoit's damages report. Dkt. 239 at 3. Defendants respond that "courts have often noted that any alternative damages theories should have been presented at the outset to avoid prejudice and encourage candor." Dkt. 243 at 10. Defendants further contend that: "Permitting Plaintiffs to submit a new report under the guise of 'supplementation' in such circumstances would encourage plaintiffs to overreach in their initial theories with the expectation that they would be entitled to serve a new report if they were deemed to have crossed the line." *Id.* at 12.

The parties cite cases in which courts have granted and denied similar motions to supplement. *Compare, e.g., Blue Spike, LLC v. Huawei Techs. Co.*, No. 6:13-CV-679, 2016 WL 9286102 (E.D. Tex. Oct. 14, 2016) (permitting amended expert report to cure deficiencies in reasonable royalty opinion) *with Cave Consulting Grp., Inc. v. OptumInsight, Inc.*, No. 15-CV-03424-JCS,

2020 WL 127612, at *13 (N.D. Cal. Jan. 10, 2020) (denying motion for relief from scheduling order where plaintiff could have offered newly proposed approach "as an alternative measure of damages at the outset, in case the Court held [the expert's] primary theory unreliable or the jury found it unconvincing").

While recognizing the merits of Defendant's policy argument, the Court in its discretion finds in this case that Plaintiffs' explanation for their failure to comply with the discovery order – that is, the exclusion of their damages expert – weighs in favor of granting the motion to supplement.

## B.  Prejudice to Defendant and Possibility of Curing the Prejudice

Defendant next argues that it will be prejudiced by supplementation because it must analyze Benoit's new report, depose him, prepare a rebuttal report, defend its own damages expert at deposition on her rebuttal report, and file another *Daubert* challenge to the supplemental report. Dkt. 243 at 13-14. Plaintiffs reply that Benoit "was excluded on one ground that was corrected within the scope of his original analysis," and therefore, "these costs are minimal given the narrow scope of Mr. Benoit's supplementation." Dkt. 248 at 8-9.

Although Defendant undoubtedly will incur additional expense in responding to the proposed supplement, given that it is only eight pages in length – albeit followed by more than 200 pages of calculations – the incremental cost added to Defendant's previous rebuttal of and challenges to the original report likely will be relatively low. Therefore, the Court finds that the second factor is neutral.

Moreover, because no trial date is set, Defendant likely will have time to respond to the supplemental report without need for a continuance. The third factor weighs in favor of permitting supplementation as well. *See Image Processing Techs., LLC v. Samsung Elecs. Co.*, No. 2:20-CV-00050, 2020 WL 2499810, at *4 (E.D. Tex. May 14, 2020) ("Without the necessity of a continuance to cure prejudice, this factor weighs in favor of [plaintiff seeking supplementation].").

The fact that no date is set for trial also distinguishes this case from those in which courts found that supplementation would disrupt a trial schedule. *E.g.*, *ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 523 (Fed. Cir. 2012) (affirming preclusion of damages evidence where plaintiff offered new damage calculation methodology "on the eve of trial"); *NexStep, Inc. v. Comcast Cable Commc'ns, LLC*, No. 19-1031, 2021 WL 5356293, at *1 (D. Del. Nov. 17, 2021) (granting motion to strike new damages theories proposed on last business day before trial); *NetFuel, Inc. v. Cisco Sys. Inc.*, No. 5:18-CV-02352, 2020 WL 1274985, at *15 (N.D. Cal. Mar. 17, 2020) (denying request to serve supplemental damages report where plaintiff "failed to cure its own overreaching" and court and parties "have built their calendars around" trial date); *Vaporstream, Inc. v. Snap Inc.*, No. 2:17-cv-00220, 2020 WL 978731, at *5 (C.D. Cal. Feb. 28, 2020) (striking supplemental expert report presented less than six weeks before trial); *Network Prot. Scis., LLC v. Fortinet, Inc.*, No. 12-01106, 2013 WL 5402089, at *8 (N.D. Cal. Sept. 26, 2013) (denying Plaintiff "a second bite at the apple" where report was excluded four days before trial).

## C.  Importance of the Evidence

Finally, Plaintiffs argue that the fourth factor weighs heavily in their favor because they "would be left without the critically important evidence of damages from its own expert at trial should the Court deny this motion." Dkt. 248 at 14. Defendant responds that "this is a problem of Plaintiffs' own making," and that "the claimed importance of Mr. Benoit's new opinion does not justify granting Plaintiffs' motion." Dkt. 243 at 16-17. Defendant further argues that supplementation would be futile because Benoit's supplemental report "is plagued by numerous flaws that render it inadmissible under Federal Rule of Evidence 702 and *Daubert*." *Id.* at 18.

The Court agrees with Plaintiffs that the ability to offer expert evidence on damages is of great importance to their case. *See, e.g.*, *Nat'l Prods., Inc. v. Arkon Res., Inc.*, No. 18-CV-02936, 2019 WL 12536044, at *6 (C.D. Cal. Mar. 25, 2019) (granting leave to serve supplemental expert report

5

to cure deficiencies in royalty rate); *GoDaddy.com LLC v. RPost Commc'ns Ltd.*, No. CV-14-00126, 2016 WL 2643003, at *10 (D. Ariz. May 10, 2016) (permitting offer of new expert damages report where defendant otherwise "would be left without any real evidence of damages at trial"), *aff'd*, 685 F. App'x 992 (Fed. Cir. 2017); *Dynetix Design Sols., Inc. v. Synopsys, Inc.*, No. 11-05973, 2013 WL 4538210, at *5 (N.D. Cal. Aug. 22, 2013) (same). Accordingly, without deciding the merits of any *Daubert* or evidentiary challenge Defendant may assert against the supplemental report, the Court finds that the fourth factor weighs in favor of supplementation.

## IV.  Conclusion

The Court has found that three of the relevant factors weigh in favor of permitting supplementation, while the remaining factor is neutral. For these reasons, Plaintiffs' Motion for Leave to Serve Supplemental Expert Report on Damages (Dkt. 239) is **GRANTED**.

**SIGNED** on May 24, 2022.

_____

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE